**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

THOMAS W. LUCZAK,                )
Individually and on Behalf of    )
All Others Similarly Situated,   )
                                 )
        Plaintiff,              )
                                 )
        v.                      )    0:18-cv-61631-KMM
                                 )
NATIONAL BEVERAGE CORP.,         )
NICK A. CAPORELLA, and           )
GEORGE R. BRACKEN                )
                                 )
        Defendants.             )
_____

**DEFENDANTS' ANSWER TO PLAINTIFF'S CONSOLIDATED**
**AMENDED CLASS ACTION COMPLAINT**
_____

Jeffrey T. Kucera, Esq. (Fl. Bar. No. 68233)
**K&L Gates LLP**
Southeast Financial Center
200 South Biscayne Boulevard, Suite 3900
Miami, FL 33131
Phone: (305) 539-3300
Fax: (305) 358-7095
Email: jeffrey.kucera@klgates.com

Amy J. Eldridge (*pro hac vice*)
**K&L Gates LLP**
1601 K Street, NW
Washington, DC 20006-1600
Phone: (202) 778-9000
Fax: (202) 778-9100
E-mail:   amy.eldridge@klgates.com

*Counsel for Defendants*

Defendants National Beverage Corp. ("NBC" or the "Company"), Nick A. Caporella ("Mr. Caporella"), George R. Bracken ("Mr. Bracken") (collectively "Defendants"), by counsel, state as follows for their Answer to Plaintiff's Consolidated Amended Class Action Complaint ("Complaint").

On August 29, 2019, this Court issued an opinion and order granting Defendants' Motion to Dismiss all claims in the Complaint (the "Order").  Dkt. no. 38.  Plaintiff sought appeal of two of the four categories of claims in the Complaint.  Following appeal, on May 4, 2020, the Eleventh Circuit Court of Appeals affirmed in part the dismissal with prejudice one set of appealed claims.  *Luczak v. Natn'l Bev. Corp.*, 19-14081 (11th Cir.)  The Eleventh Circuit reversed and remanded Plaintiff's claims based on a single topic.  *Id.* at 25.  Dismissed with prejudice from this Complaint are three of the four categories of claims and related allegations, and accordingly, substantial portions of the Complaint are inoperative, non-actionable, and do not require a response.  The Complaint also includes a number of section headings, to which no response is required; to the extent a response is required, such headings are denied.  Defendants respond to the remaining allegations of the Complaint as follows:

## NATURE OF THE ACTION

1.      Defendants admit the Lead Plaintiff, Thomas W. Luczak, purports to represent a class of shareholders who purchased or otherwise acquired National Beverage Corp. securities between July 17, 2014 through October 30, 2018, and that it seeks damages for alleged violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act") and Rule 10b-5 thereunder.  Defendants deny any and all liability under Sections 10(b) and 20(a) of the Exchange Act and Rule 10b-5 thereunder and any remaining allegations of paragraph 1.

2.      Defendants admit that National Beverage Corp. develops, produces, markets, and sells beverage products in North America and internationally, including sparkling waters sold under the names LaCroix, LaCroix Cúrate, LaCroix NiCola, and Shasta Sparkling Water.  Defendants also admit that National Beverage Corp. sells and markets its products using broker networks as well as sales people employed directly by the Company to sell its products to retailers and distribution partners.  Defendants otherwise deny any characterizations of the Company's consumers and any remaining allegations of paragraph 2.

3.     National Beverage Corp. admits it was founded in 1985 and that it is based in Fort Lauderdale, Florida.  National Beverage Corp. also admits that its stock ticker symbol is FIZZ, and that its stock trades on NASDAQ.  Defendants admit that Mr. Caporella beneficially owns approximately 73.5% of the outstanding common stock.  Defendants also admit Mr. Caporella's son works for the Company.  Defendants deny the characterizations of analyst commentary, reports, or statements, and state that any such commentary, reports, or statements speak for themselves and respectfully refer the Court to any such document for a complete and accurate statement of its contents and deny any inconsistent allegations.  Defendants deny any remaining allegations of paragraph 3.

4.     The allegations in clauses (ii), (iii), and (iv) of paragraph 4 have been dismissed with prejudice, and thus no response is required.  To the extent a response is required, Defendants deny any and all allegations regarding clauses (ii), (iii), and (iv) of paragraph 4. Defendants deny the allegations in clause (i) and any remaining allegations of paragraph 4.

5.     To the extent paragraph 5 refers to any document, Defendants state that each document speaks for itself and respectfully refer the Court to the document for a complete and accurate statement of its contents.  Defendants otherwise deny the allegations of paragraph 5.

6.     Defendants state the "consumer complaint" referenced in paragraph 6 has been dismissed with prejudice.  Defendants further state that the allegations of paragraph 6 have been dismissed with prejudice, along with a full written retraction of all claims, and thus no response is required.  To the extent a response is required, Defendants deny the allegations of paragraph 6.

7.     The allegations of paragraph 7 have been dismissed with prejudice and thus no response is required.  To the extent a response is required, Defendants deny the allegations of paragraph 7.

8.     Defendants admit that National Beverage Corp. issued a press release on December 7, 2017.  Defendants state that the press release and analyst reports referenced in paragraph 8 speak for themselves and respectfully refer the Court to those documents for a complete and accurate statement of each of their contents.  Defendants deny any characterizations of those documents, and any allegations inconsistent with those documents. Defendants deny any remaining allegations of paragraph 8.

9.     Defendants admit that the Company's stock price closed at $100.84 on December 8, 2017.  Defendants deny any remaining allegations of paragraph 9.

10.     Defendants admit that the Division of Corporate Finance of the Securities and Exchange Commission ("SEC") sent letters to the Company dated January 26, 2018, and March 23, 2018.  Defendants deny those two letters are or reflect the entirety of communications between the Company and the SEC on this topic, and further state paragraph 10 omits reference to the May 14, 2018 letter from the SEC notifying the Company that the file review had been completed without further action taken or required.  Defendants state that those communications speak for themselves and respectfully refer the Court to those documents for a complete and accurate statement of each of their contents.  Defendants deny any characterizations of those documents, and any allegations inconsistent with those documents.  Defendants deny any remaining allegations of paragraph 10.

11.     Defendants deny the allegations of paragraph 11.

12.     Defendants admit that the *Wall Street Journal* published an article titled "The SEC Has Had Its Own Questions About LaCroix."  Defendants state that the article speaks for itself and respectfully refer the Court to the document for a complete and accurate statement of its contents.  Defendants deny any characterizations of the document, and any allegations inconsistent with the document.  Defendants deny any remaining allegations of paragraph 12.

13.     Defendants admit that the Company's stock price closed at $100.19 on June 27 2018.  Defendants deny remaining allegations of paragraph 13.

14.     The allegations of paragraph 14 have been dismissed with prejudice and thus no response is required.  To the extent a response is required, Defendants deny the allegations of paragraph 14.

15.     Defendants admit that the Company's stock price closed at $107.04 on July 6, 2018.  Defendants deny any remaining allegations of paragraph 15, and deny that the stock price on this day is relevant to the remaining allegations of the Complaint.

16.     The allegations of paragraph 16 have been dismissed with prejudice and thus no response is required.  To the extent a response is required, Defendants deny the allegations of paragraph 16.

17.     Defendants admit that the Company's stock price closed at $95.89 on October 30, 2018.  Defendants deny any remaining allegations of paragraph 17, and deny that the stock price on this day is relevant to the remaining allegations of the Complaint.

18.     Defendants deny the allegations of paragraph 18.

## JURISDICTION AND VENUE

19.     The allegation of paragraph 19 states a legal conclusion that does not require a response from Defendants.  To the extent a response is required, Defendants deny the allegations in paragraph 19, except to state that the Complaint purports to assert claims arising under the Securities Exchange Act.

20.     Defendants admit the allegations of paragraph 20.

21.     The allegations of paragraph 21 state a legal conclusion, which requires no response.  To the extent a response is required, Defendants only admit venue is proper in this district.

22.     Defendants deny the allegations of paragraph 22.

## PARTIES

23.     Defendants admit that Plaintiff previously submitted a Reform Act certification, but deny Lead Plaintiff suffered any damage.  Defendants deny any remaining allegations of paragraph 23.

24.     Defendants admit the allegations of paragraph 24.

25.     Defendants admit that Mr. Caporella is the Company's CEO and Chairman. Defendants deny any remaining allegations of paragraph 25.

26.     Defendants admit that Mr. Bracken has served as the Executive Vice President of Finance.  Defendants deny any remaining allegations of paragraph 26.

27.     Defendants admit that the Complaint refers to Mr. Caporella and Mr. Bracken as "Individual Defendants."

28.     Defendants admit that Messrs. Caporella and Bracken participated in certain respects in the preparation and review of certain documents that are filed with the SEC or otherwise publicly disseminated.  Defendants deny any remaining allegations of paragraph 28.

## SUBSTANTIVE ALLEGATIONS

### Background

29.     Defendants admit that National Beverage Corp. develops, produces, markets, and sells beverage products in North America and internationally, including sparkling waters sold under the names LaCroix, LaCroix Cúrate, LaCroix NiCola, and Shasta Sparkling Water. Defendants also admit that National Beverage Corp. sells and markets its products using broker networks as well as sales people employed directly by the Company to sell its products to

4

retailers and distribution partners.  Defendants otherwise deny any characterizations of the Company's consumers and any remaining allegations of paragraph 29.

30.     The allegations of paragraph 30 have been dismissed with prejudice and thus no response is required.  To the extent a response is required, Defendants state that any press release or SEC filing speaks for itself and respectfully refer the Court to the document for a complete and accurate statement of its contents.  Defendants deny any characterizations of those documents, and any allegations inconsistent with those documents.  Should any remaining allegation of paragraph 30 require further response, Defendants deny any remaining allegations of paragraph 30.

31.     Defendants admit that there is a Credit Suisse report dated May 4, 2017, which lists Laurent Grandet as the author.  Defendants state that the Credit Suisse report speaks for itself and respectfully refer the Court to the document for a complete and accurate statement of its contents.  Defendants deny any characterizations of the document, and any allegations inconsistent with the document.  Defendants deny any remaining allegations of paragraph 31.

32.     Defendants lack knowledge or information sufficient to form a belief as to the accuracy of the allegations in the first sentence of paragraph 32.  Defendants deny any remaining allegations of paragraph 32.

**Failure to Comply with GAAP**

33.     The allegations of paragraph 33 have been dismissed with prejudice and thus no response is required.  To the extent a response is required, Defendants deny the allegations of paragraph 33.

34.     The allegations of paragraph 34 have been dismissed with prejudice and thus no response is required.  To the extent a response is required, Defendants deny the allegations of paragraph 34.

35.     The allegations of paragraph 35 have been dismissed with prejudice and thus no response is required.  To the extent a response is required, Defendants deny the allegations of paragraph 35.

36.     The allegations of paragraph 36 have been dismissed with prejudice and thus no response is required.  To the extent a response is required, Defendants deny the allegations of paragraph 36.

37.     The allegations of paragraph 37 have been dismissed with prejudice and thus no response is required.  To the extent a response is required, Defendants deny the allegations of paragraph 37.

38.     The allegations of paragraph 38 have been dismissed with prejudice and thus no response is required.  To the extent a response is required, Defendants deny the allegations of paragraph 38.

39.     The allegations of paragraph 39 have been dismissed with prejudice and thus no response is required.  To the extent a response is required, Defendants deny the allegations of paragraph 39.

40.     The allegations of paragraph 40 have been dismissed with prejudice and thus no response is required.  To the extent a response is required, Defendants deny the allegations of paragraph 40.

41.     The allegations of paragraph 41 have been dismissed with prejudice and thus no response is required.  To the extent a response is required, Defendants deny the allegations of paragraph 41.

42.     The allegations of paragraph 42 have been dismissed with prejudice and thus no response is required.  To the extent a response is required, Defendants deny the allegations of paragraph 42.

43.     The allegations of paragraph 43 have been dismissed with prejudice and thus no response is required.  To the extent a response is required, Defendants deny the allegations of paragraph 43.

44.     The allegations of paragraph 44 have been dismissed with prejudice and thus no response is required.  To the extent a response is required, Defendants deny the allegations of paragraph 44.

45.     The allegations of paragraph 45 have been dismissed with prejudice and thus no response is required.  To the extent a response is required, Defendants deny the allegations of paragraph 45.

46.     The allegations of paragraph 46 have been dismissed with prejudice and thus no response is required.  To the extent a response is required, Defendants deny the allegations of paragraph 46.

**Confidential Witnesses**

47.     Defendants lack knowledge or information sufficient to form a belief as to the accuracy of the allegations of paragraph 47.  To the extent a response is required, Defendants deny the allegations of paragraph 47.

48.     Defendants lack knowledge or information sufficient to form a belief as to the accuracy of the allegations regarding CW1's length of employment, if any, in paragraph 48.   To the extent a response is required, Defendants deny the allegations of paragraph 48.

49.     Defendants lack knowledge or information sufficient to form a belief as to the accuracy of the allegations regarding statements purportedly made by CW1.   To the extent a response is required, Defendants deny the allegations of paragraph 49.

50.     Defendants lack knowledge or information sufficient to form a belief as to the accuracy of the allegations regarding statements purportedly made by CW1, or CW1's purported employment.   To the extent a response is required, Defendants deny the allegations of paragraph 50.

51.     Defendants lack knowledge or information sufficient to form a belief as to the accuracy of the allegations regarding statements purportedly made by CW1.   To the extent a response is required, Defendants deny the allegations of paragraph 51.

52.     Defendants lack knowledge or information sufficient to form a belief as to the accuracy of the allegations regarding CW2's employment, if any, in paragraph 52.   To the extent a response is required, Defendants deny the allegations of paragraph 52.

53.     Defendants deny the allegations of paragraph 53.

54.     Defendants lack knowledge or information sufficient to form a belief as to the accuracy of the allegations regarding statements purportedly made by CW2 in paragraph 54. Defendants deny the allegations of paragraph 54.

55.     Defendants lack knowledge or information sufficient to form a belief as to the accuracy of the allegations regarding statements purportedly made by CW2 in paragraph 55.  To the extent a response is required, Defendants deny the allegations of paragraph 55.

56.     Defendants lack knowledge or information sufficient to form a belief as to the accuracy of the allegations regarding statements purportedly made by CW3, or CW3's purported employment, if any.  Defendants further state that the allegations related to allegations of

paragraph 56 have been dismissed with prejudice and thus no response is required.  To the extent a response is required, Defendants deny the allegations of paragraph 56.

57.     Defendants lack knowledge or information sufficient to form a belief as to the accuracy of the allegations regarding statements purportedly made by CW3.  Defendants further state that the allegations related to the allegations of paragraph 57 have been dismissed with prejudice and thus no response is required.  To the extent a response is required, Defendants deny the allegations of paragraph 57.

58.     Defendants lack knowledge or information sufficient to form a belief as to the accuracy of the allegations regarding statements purportedly made by CW4, or CW4's purported employment, if any.  To the extent a response is required, Defendants deny the allegations of paragraph 58.

59.     Defendants lack knowledge or information sufficient to form a belief as to the accuracy of the allegations regarding statements purportedly made by CW4.  To the extent a response is required, Defendants deny the allegations of paragraph 59.

60.     Defendants lack knowledge or information sufficient to form a belief as to the accuracy of the allegations regarding statements purportedly made by CW4.  To the extent a response is required, Defendants deny the allegations of paragraph 60.

61.     Defendants lack knowledge or information sufficient to form a belief as to the accuracy of the allegations regarding statements purportedly made by CW4.  To the extent a response is required, Defendants deny the allegations of paragraph 61.

62.     Defendants lack knowledge or information sufficient to form a belief as to the accuracy of the allegations regarding statements purportedly made by CW4.  To the extent a response is required, Defendants deny the allegations of paragraph 62.

63.     Defendants lack knowledge or information sufficient to form a belief as to the accuracy of the allegations regarding statements purportedly made by CW4.  To the extent a response is required, Defendants deny the allegations of paragraph 63.

64.     Defendants lack knowledge or information sufficient to form a belief as to the accuracy of the allegations regarding statements purportedly made by CW4.  To the extent a response is required, Defendants deny the allegations of paragraph 64.

65.     Defendants lack knowledge or information sufficient to form a belief as to the accuracy of the allegations regarding statements purportedly made by CW4.  Defendants further

state that the allegations related to allegations of paragraph 65 have been dismissed with prejudice and thus no response is required.  To the extent a response is required, Defendants deny the allegations of paragraph 65.

**CMA Agreement**

66.     The allegations of paragraph 66 have been dismissed with prejudice and thus no response is required.  To the extent a response is required, Defendants state that any SEC filing speaks for itself and respectfully refer the Court to the document for a complete and accurate statement of its contents.  Defendants deny any characterizations of the document, and any allegations inconsistent with the document.  Should any remaining allegation of paragraph 66 require a response, Defendants deny any remaining allegations of paragraph 66.

67.     The allegations of paragraph 67 have been dismissed with prejudice and thus no response is required.  To the extent a response is required, Defendants state that any SEC filing speaks for itself and respectfully refer the Court to the document for a complete and accurate statement of its contents.  Defendants deny any characterizations of the document, and any allegations inconsistent with the document.  Should any remaining allegation of paragraph 67 require a response, Defendants deny any remaining allegations of paragraph 67.

68.     Defendants deny that the remaining allegations of the Complaint can support a class period beginning July 17, 2014, but admit that the Complaint originally purported to plead a class that began on that date.  Defendants state that the allegations of paragraph 68 have been dismissed with prejudice and thus no response is required.  To the extent a response is required, Defendants state that any document filed with the SEC filing speaks for itself and respectfully refer the Court to the document for a complete and accurate statement of its contents.  Defendants deny any characterizations of the document, and any allegations inconsistent with the document.  Should any remaining allegation of paragraph 68 require a response, Defendants deny any remaining allegations of paragraph 68.

69.     Defendants state that the allegations of paragraph 69 have been dismissed with prejudice and thus no response is required.  To the extent a response is required, Defendants state that any document filed with the SEC speaks for itself and respectfully refer the Court to the document for a complete and accurate statement of its contents.  Defendants deny any characterizations of the document, and any allegations inconsistent with the document.  Should

any remaining allegation of paragraph 69 require a response, Defendants deny any remaining allegations of paragraph 69.

70.     Defendants state that the allegations of paragraph 70 have been dismissed with prejudice and thus no response is required.  To the extent a response is required, Defendants state that any SEC filing speaks for itself and respectfully refer the Court to the document for a complete and accurate statement of its contents.  Defendants deny any characterizations of the document, and any allegations inconsistent with the document.  Should any remaining allegation of paragraph 70 require a response, Defendants deny any remaining allegations of paragraph 70.

71.     Defendants state that the allegations of paragraph 71 have been dismissed with prejudice and thus no response is required.  To the extent a response is required, Defendants state that any SEC filing speaks for itself and respectfully refer the Court to the document for a complete and accurate statement of its contents.  Defendants deny any characterizations of the document, and any allegations inconsistent with the document.  Should any remaining allegation of paragraph 71 require a response, Defendants deny any remaining allegations of paragraph 71.

72.     Defendants state that the allegations of paragraph 72 have been dismissed with prejudice and thus no response is required.  To the extent a response is required, Defendants state that any SEC filing speaks for itself and respectfully refer the Court to the document for a complete and accurate statement of its contents.  Defendants deny any characterizations of the document, and any allegations inconsistent with the document.  Should any remaining allegation of paragraph 72 require a response, Defendants deny any remaining allegations of paragraph 72.

73.     Defendants state that the allegations of paragraph 73 have been dismissed with prejudice and thus no response is required.  To the extent a response is required, Defendants state that any SEC filing speaks for itself and respectfully refer the Court to the document for a complete and accurate statement of its contents.  Defendants deny any characterizations of the document, and any allegations inconsistent with the document.  Should any remaining allegation of paragraph 73 require a response, Defendants deny any remaining allegations of paragraph 73.

74.     Defendants state that the allegations of paragraph 74 have been dismissed with prejudice and thus no response is required.  To the extent a response is required, Defendants state that any SEC filing speaks for itself and respectfully refer the Court to the document for a complete and accurate statement of its contents.  Defendants deny any characterizations of the

document, and any allegations inconsistent with the document.  Should any remaining allegation of paragraph 74 require a response, Defendants deny any remaining allegations of paragraph 74.

75.     Defendants state that the allegations of paragraph 75 have been dismissed with prejudice and thus no response is required.  To the extent a response is required, Defendants state that any SEC filing speaks for itself and respectfully refer the Court to the document for a complete and accurate statement of its contents.  Defendants deny any characterizations of the document, and any allegations inconsistent with the document.  Should any remaining allegation of paragraph 75 require a response, Defendants deny any remaining allegations of paragraph 75.

76.     Defendants state that the allegations of paragraph 76 have been dismissed with prejudice and thus no response is required.  To the extent a response is required, Defendants state that any SEC filing speaks for itself and respectfully refer the Court to the document for a complete and accurate statement of its contents.  Defendants deny any characterizations of the document, and any allegations inconsistent with the document.  Should any remaining allegation of paragraph 76 require a response, Defendants deny any remaining allegations of paragraph 76.

77.     Defendants state that the allegations of paragraph 77 have been dismissed with prejudice and thus no response is required.  To the extent a response is required, Defendants deny the allegations of paragraph 77.

78.     Defendants state that the allegations of paragraph 78 have been dismissed with prejudice and thus no response is required.  To the extent a response is required, Defendants admit that the Company issued a press release on May 4, 2017, and state that the document speaks for itself and respectfully refer the Court to the document for a complete and accurate statement of its contents.  Defendants deny any characterizations of the document, and any allegations inconsistent with the document.  Should any remaining allegation of paragraph 78 require a response, Defendants deny any remaining allegations of paragraph 78.

79.     Defendants state that the allegations of paragraph 79 have been dismissed with prejudice and thus no response is required.  To the extent a response is required, Defendants deny the allegations of paragraph 79.

80.     Defendants admit that the Company issued a press release on May 4, 2017, and state that the document speaks for itself and respectfully refer the Court to the document for a complete and accurate statement of its contents.  Defendants deny any characterizations of the

document, and any allegations inconsistent with the document.  Should any remaining allegation of paragraph 80 require a response, Defendants deny any remaining allegations of paragraph 80.

81.     Defendants admit that the Company issued a press release on May 4, 2017, and state that the document speaks for itself and respectfully refer the Court to the document for a complete and accurate statement of its contents.  Defendants deny any characterizations of the document, and any allegations inconsistent with the document.  Should any remaining allegation of paragraph 81 require a response, Defendants deny any remaining allegations paragraph 81.

82.     The allegations of paragraph 82 consist of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations of paragraph 82.

83.     Defendants deny the allegations of paragraph 83, including all sub-paragraphs.

84.     Defendants lack knowledge or information sufficient to form a belief as to the accuracy of statements purportedly made by CW1, or CW1's purported employment.  To the extent a further response is required, Defendants deny the allegations of paragraph 84.

85.     Defendants lack knowledge or information sufficient to form a belief as to the accuracy of statements purportedly made by CW2, or CW2's purported employment.  To the extent a further response is required, Defendants deny the allegations of paragraph 85.

86.     Defendants lack knowledge or information sufficient to form a belief as to the accuracy of statements purportedly made by CW4, or CW4's purported employment.  To the extent a further response is required, Defendants deny the allegations of paragraph 86.

87.     Defendants admit that the Company issued a press release on May 4, 2017, and state that the document speaks for itself and respectfully refer the Court to the document for a complete and accurate statement of its contents.  Defendants deny any characterizations of the document, and any allegations inconsistent with the document.  Defendants state that the allegations of paragraph 87 have been dismissed with prejudice and thus no response is required. To the extent a response is required, Defendants deny any remaining allegations of paragraph 87.

88.     The allegations of paragraph 88 consist of legal conclusions to which no response is required.  Defendants further state that the allegations of paragraph 88 relate to claims which have been dismissed with prejudice and thus no response is required.  To the extent a response is required, Defendants deny the allegations of paragraph 88.

89.     Defendants admit that the Company issued a press release on May 5, 2017, which was filed with the SEC.  Defendants state that the document speaks for itself and respectfully refer the Court to the document for a complete and accurate statement of its contents. Defendants deny any characterizations of the document, and any allegations inconsistent with the document.  Should any remaining allegation of paragraph 89 require a response, Defendants deny any remaining allegations of paragraph 89.

90.     The allegations of paragraph 90 consist of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations of paragraph 90.

91.     Defendants admit that the Company issued a press release on June 2, 2017, which was filed with the SEC.  Defendants state that the document speaks for itself and respectfully refer the Court to the document for a complete and accurate statement of its contents. Defendants deny any characterizations of the document, and any allegations inconsistent with the document.  Should any remaining allegation of paragraph 91 require a response, Defendants deny any remaining allegations of paragraph 91.

92.     The allegations of paragraph 92 consist of legal conclusions to which no response is required.  Defendants further state that the allegations of paragraph 92(b) relate to claims which have been dismissed with prejudice and thus no response is required.  To the extent a response is required, Defendants deny the allegations of paragraph 92, including all sub-paragraphs.

93.     Defendants state that the allegations of paragraph 93 relate to claims which have been dismissed with prejudice and thus no response is required.  To the extent a response is required, Defendants admit that the Company filed its Form 10-K annual report for the fiscal year ending April 29, 2017 with the SEC on July 13, 2017, and that Mr. Caporella and Mr. Bracken signed the Form 10-K.  Defendants otherwise state that the Form 10-K speaks for itself and respectfully refer the Court to the document for a complete and accurate statement of its contents.  Defendants deny any characterizations of the document, and any allegations inconsistent with the document.  Should any remaining allegation of paragraph 93 require a response, Defendants deny any remaining allegation of paragraph 93.

94.     Defendants admit that the Company filed its Form 10-K on July 13, 2017. Defendants otherwise state that the document speaks for itself and respectfully refer the Court to

the document for a complete and accurate statement of its contents.  Defendants deny any characterizations of the document, and any allegations inconsistent with the document.  Should any remaining allegation of paragraph 94 require a response, Defendants deny any remaining allegations of paragraph 94.

95.     Defendants state that the allegations of paragraph 95 relate to claims which have been dismissed with prejudice and thus no response is required.  To the extent a response is required, Defendants admit that the Company filed its Form 10-K on July 13, 2017.  Defendants otherwise state that the document speaks for itself and respectfully refer the Court to the document for a complete and accurate statement of its contents.  Defendants deny any characterizations of the document, and any allegations inconsistent with the document.  Should any remaining allegation of paragraph 95 require a response, Defendants deny any remaining allegations of paragraph 95.

96.     Defendants state that the allegations of paragraph 96 relate to claims which have been dismissed with prejudice and thus no response is required.  To the extent a response is required, Defendants admit that the Company filed its Form 10-K on July 13, 2017.  Defendants otherwise state that the document speaks for itself and respectfully refer the Court to the document for a complete and accurate statement of its contents.  Defendants deny any characterizations of the document, and any allegations inconsistent with the document.  Should any remaining allegation of paragraph 96 require a response, Defendants deny any remaining allegations of paragraph 96.

97.     Defendants state that the allegations of paragraph 97 relate to claims which have been dismissed with prejudice and thus no response is required.  Defendants also state that the allegations of paragraph 97 state a legal conclusion that does not require a response from Defendants.  To the extent a response is required, Defendants deny the allegations of paragraph of 97.

98.     Defendants state that the allegations of paragraph 98 relate to claims which have been dismissed with prejudice and thus no response is required.  Defendants also state that the allegations of paragraph 98 state a legal conclusion that does not require a response from Defendants. To the extent a response is required, Defendants admit the Company filed its Form 10-K on July 13, 2017, and state that the document speaks for itself and respectfully refer the Court to the document for a complete and accurate statement of its contents.  Defendants deny

any characterizations of the document, and any allegations inconsistent with the document. Defendants deny any remaining allegations of paragraph of 98.

99.     Defendants admit that the Company issued a press release on July 13, 2017, and state that the document speaks for itself and respectfully refer the Court to the document for a complete and accurate statement of its contents.  Defendants deny any characterizations of the document, and any allegations inconsistent with the document.  Should any remaining allegation of paragraph 99 require a response, Defendants deny any remaining allegations of paragraph of 99.

100.    Defendants admit that the Company issued a press release on July 13, 2017, and state that the document speaks for itself and respectfully refer the Court to the document for a complete and accurate statement of its contents.  Defendants deny any characterizations of the document, and any allegations inconsistent with the document.  Defendants deny any remaining allegations of paragraph of 100.

101.    Defendants state that the allegations of paragraph 101 relate to claims which have been dismissed with prejudice and thus no response is required.  To the extent a response is required, Defendants admit that Credit Suisse issued an analyst report by Laurent Grandet dated July 13, 2017.  Defendants further respond that the document speaks for itself and respectfully refer the Court to the document for a complete and accurate statement of its contents. Defendants deny any characterizations of the document, and any allegations inconsistent with the document.  Should any remaining allegation of paragraph 101 require a response, Defendants deny any remaining allegations of paragraph 101.

102.    Defendants admit that the Company issued a press release on August 4, 2017, and state that the document speaks for itself and respectfully refer the Court to the document for a complete and accurate statement of its contents.  Defendants deny any characterizations of the document, and any allegations inconsistent with the document.  Defendants deny any remaining allegations of paragraph of 102.

103.    Defendants state that the allegations of paragraph 103 relate to claims which have been dismissed with prejudice and thus no response is required.  Defendants also state that the allegations of paragraph 103 state a legal conclusion that does not require a response from Defendants. To the extent a response is required, Defendants deny the allegations of paragraph 103.

104.     Defendants admit that the Company filed a Form Def 14A on August 28, 2017, and state that the document speaks for itself and respectfully refer the Court to the document for a complete and accurate statement of its contents.  Defendants deny any characterizations of the document, and any allegations inconsistent with the document.  Defendants deny any remaining allegations of paragraph of 104.

105.     Defendants admit that the Company filed a Form 10-Q on September 7, 2017, for the period ending July 29, 2017, and state that the document speaks for itself and respectfully refer the Court to the document for a complete and accurate statement of its contents. Defendants deny any characterizations of the document, and any allegations inconsistent with the document.  Defendants deny any remaining allegations of paragraph of 105.

106.     Defendants state that the allegations of paragraph 106 relate to claims which have been dismissed with prejudice and thus no response is required.  To the extent a response is required, Defendants admit that the Company filed a Form 10-Q on September 7, 2017, and state that the document speaks for itself and respectfully refer the Court to the document for a complete and accurate statement of its contents.  Defendants deny any characterizations of the document, and any allegations inconsistent with the document.  Defendants deny any remaining allegations of paragraph of 106.

107.     Defendants admit that the Company filed a Form 10-Q on September 7, 2017, and state that the document speaks for itself and respectfully refer the Court to the document for a complete and accurate statement of its contents.  Defendants deny any characterizations of the document, and any allegations inconsistent with the document.  Defendants deny any remaining allegations of paragraph of 107.

108.     Defendants admit that the Company issued a press release on September 7, 2017, and state that the document speaks for itself and respectfully refer the Court to the document for a complete and accurate statement of its contents.  Defendants deny any characterizations of the document, and any allegations inconsistent with the document.  Defendants deny any remaining allegations of paragraph of 108.

109.     Defendants admit that the Company issued a press release on September 7, 2017, and state that the document speaks for itself and respectfully refer the Court to the document for a complete and accurate statement of its contents.  Defendants deny any characterizations of the

document, and any allegations inconsistent with the document.  Defendants deny any remaining allegations of paragraph of 109.

110.    Defendants state the allegations of paragraph 110 largely relate to claims which have been dismissed with prejudice and thus no response is required.  Defendants also state that the allegations of paragraph 110 state a legal conclusion that does not require a response from Defendants. To the extent a response is required, Defendants deny the allegations in paragraph 110.

111.    Defendants deny the allegations of paragraph 111.

112.    Defendants admit that the Company issued a press release on October 19, 2017, and state that the document speaks for itself and respectfully refer the Court to the document for a complete and accurate statement of its contents.  Defendants deny any characterizations of the document, and any allegations inconsistent with the document.  Defendants deny any remaining allegations of paragraph of 112.

113.    Defendants admit that the Company issued a press release on October 19, 2017, and state that the document speaks for itself and respectfully refer the Court to the document for a complete and accurate statement of its contents.  Defendants deny any characterizations of the document, and any allegations inconsistent with the document.  Defendants deny any remaining allegations of paragraph of 113.

114.    Defendants state the allegations of paragraph 114 largely relate to claims which have been dismissed with prejudice and thus no response is required.  Defendants also state that the allegations of paragraph 114 state a legal conclusion that does not require a response from Defendants. To the extent a response is required, Defendants deny the allegations in paragraph 114.

115.    Defendants state the allegations of paragraph 115 relate to claims which have been dismissed with prejudice and thus no response is required.  To the extent a response is required, Defendants admit that SIG Susquehanna Financial Group, LLLP issued an analyst report by Palo Zuanic dated October 23, 2017, and state that the document speaks for itself, and respectfully refer the Court to the document for a complete and accurate statement of its contents.  Defendants deny any characterizations of the document, and any allegations inconsistent with the document.  Defendants deny any remaining allegations of paragraph of 115.

116.     Defendants admit that SIG Susquehanna Financial Group, LLLP issued an analyst report by Palo Zuanic dated November 20, 2017, and state that the document speaks for itself, and respectfully refer the Court to the document for a complete and accurate statement of its contents.  Defendants deny any characterizations of the document, and any allegations inconsistent with the document.  Defendants deny any remaining allegations of paragraph 116.

117.     Defendants admit that the Company filed a Form 10-Q on December 7, 2017, and state that the document speaks for itself and respectfully refer the Court to the document for a complete and accurate statement of its contents.  Defendants deny any characterizations of the document, and any allegations inconsistent with the document.  Defendants deny any remaining allegations of paragraph of 117.

118.     Defendants admit that the Company filed a Form 10-Q on December 7, 2017, and state that the document speaks for itself and respectfully refer the Court to the document for a complete and accurate statement of its contents.  Defendants deny any characterizations of the document, and any allegations inconsistent with the document.  Defendants deny any remaining allegations of paragraph of 118.

119.     Defendants admit that the Company filed a Form 10-Q on December 7, 2017, and state that the document speaks for itself and respectfully refer the Court to the document for a complete and accurate statement of its contents.  Defendants deny any characterizations of the document, and any allegations inconsistent with the document.  Defendants deny any remaining allegations of paragraph of 119.

120.     Defendants admit that the Company issued a press release on December 7, 2017, and state that the document speaks for itself and respectfully refer the Court to the document for a complete and accurate statement of its contents.  Defendants deny any characterizations of the document, and any allegations inconsistent with the document.  Defendants deny any remaining allegations of paragraph of 120.

121.     Defendants state that the allegations of paragraph 121 largely relate to claims which have been dismissed with prejudice and thus no response is required.  Defendants also state that the allegations of paragraph 121 state a legal conclusion that does not require a response from Defendants. To the extent a response is required, Defendants deny the allegations in paragraph 121.

122.     Defendants deny Credit Suisse issued an analyst report dated December 8, 2017. Defendants further state that any analyst report speaks for itself and respectfully refer the Court to the document for a complete and accurate statement of its contents.  Defendants deny any characterizations of such a report, and any allegations inconsistent with the document, if any. The allegations of paragraph 122 otherwise consist of legal conclusions, which do not require a response from Defendants.  To the extent a response is required, Defendants deny the allegations of paragraph 122.

123.     Defendants admit that Maxim Group issued an analyst report dated December 8, 2017, which lists Anthony Vendetti as the author.  Defendants further state that the report speaks for itself and respectfully refer the Court to the document for a complete and accurate statement of its contents.  Defendants deny any characterizations of the report, and any allegations inconsistent with the document.  Defendants deny any remaining allegations of paragraph 123.

124.     Defendants admit the stock price closed on December 8, 2017 at $100.84. Defendants deny the remaining allegations of paragraph 124.

125.     Defendants admit that Sadif Investment Analytics issued an analyst report dated December 14, 2017, and state that the report speaks for itself and respectfully refer the Court to the document for a complete and accurate statement of its contents.  Defendants deny any characterizations of such a report, and any allegations inconsistent with the document. Defendants deny any remaining allegations of paragraph 125.

126.     Defendants admit that the SEC sent a letter to the Company dated January 26, 2018.  Defendants state that communication speaks for itself and respectfully refer the Court to the document for a complete and accurate statement of its contents.  Defendants deny any characterizations of the document, and any allegations inconsistent with the document. Defendants deny any remaining allegation of paragraph 126.

127.     Defendants admit that the Company responded to the SEC's Division of Corporate Finance by letter dated February 23, 2018, and state that communication speaks for itself and respectfully refer the Court to the document for a complete and accurate statement of its contents.  Defendants deny any characterizations of the document, and any allegations inconsistent with the document.  Defendants deny any remaining allegation of paragraph 127.

128.     Defendants admit that the Company filed a Form 10-Q on March 8, 2018, and state that the document speaks for itself and respectfully refer the Court to the document for a

complete and accurate statement of its contents.  Defendants deny any characterizations of the document, and any allegations inconsistent with the document.  Defendants deny any remaining allegations of paragraph of 128.

129.    Defendants admit that the Company filed a Form 10-Q on March 8, 2018, and state that the document speaks for itself and respectfully refer the Court to the document for a complete and accurate statement of its contents.  Defendants deny any characterizations of the document, and any allegations inconsistent with the document.  Defendants deny any remaining allegations of paragraph of 129.

130.    Defendants admit that the Company filed a Form 10-Q on March 8, 2018, and state that the document speaks for itself and respectfully refer the Court to the document for a complete and accurate statement of its contents.  Defendants deny any characterizations of the document, and any allegations inconsistent with the document.  Defendants deny any remaining allegations of paragraph of 130.

131.    Defendants state that the allegations of paragraph 131 relate to claims which have been dismissed with prejudice and thus no response is required.  To the extent a response is required, Defendants admit that the Company filed a Form 10-Q on March 8, 2018, and state that the document speaks for itself and respectfully refer the Court to the document for a complete and accurate statement of its contents.  Defendants deny any characterizations of the document, and any allegations inconsistent with the document.  Defendants deny any remaining allegations of paragraph of 131.

132.    Defendants state that the allegations of paragraph 132 largely relate to claims which have been dismissed with prejudice and thus no response is required.  Defendants also state that the allegations of paragraph 132 state a legal conclusion that does not require a response from Defendants. To the extent a response is required, Defendants deny the allegations in paragraph 132.

133.    Defendants state that any analyst report speaks for itself and respectfully refer the Court to the document for a complete and accurate statement of its contents.  Defendants deny any characterizations of such a report, and any allegations inconsistent with the document.  The allegations of paragraph 133 otherwise consist of legal conclusions, which do not require a response from Defendants.  To the extent a response is required, Defendants deny the allegations of paragraph 133.

134.    Defendants admit that the SEC sent a letter to the Company dated March 23, 2018.  Defendants state that the communication speaks for itself and respectfully refer the Court to the document for a complete and accurate statement of its contents.  Defendants deny any characterizations of the document, and any allegations inconsistent with the document.  Defendants deny any remaining allegation of paragraph 134.

135.    Defendants admit that the stock price closed on March 23, 2018 at $87.65.  Defendants deny the remaining allegations of paragraph 125.

136.    Defendants admit that the Company responded to the SEC's Division of Corporate Finance by letter dated April 24, 2018, and state that the communication speaks for itself and respectfully refer the Court to the document for a complete and accurate statement of its contents.  Defendants deny any characterizations of the document, and any allegations inconsistent with the document.  Defendants deny any remaining allegation of paragraph 136.

137.    Defendants admit that the Division of Corporate Finance of the SEC sent a letter to the Company dated May 14, 2018.  Defendants state that the communication speaks for itself and respectfully refer the Court to the document for a complete and accurate statement of its contents.  Defendants deny any characterizations of the document, and any allegations inconsistent with the document.  Defendants deny any remaining allegation of paragraph 137.

138.    Defendants admit that the *Wall Street Journal* published an article titled "The SEC Has Had Its Own Questions About LaCroix" dated June 26, 2018.  Defendants state that the article speaks for itself and respectfully refer the Court to the document for a complete and accurate statement of its contents.  Defendants deny any characterizations of the document, and any allegations inconsistent with the document.  Defendants deny any remaining allegations of paragraph 138.

139.    Defendants admit that the stock price closed on June 27, 2018 at $100.19.  The remaining allegations of paragraph 139 otherwise consist of legal conclusions, which do not require a response from Defendants.  To the extent a response is required, Defendants deny any remaining allegations of paragraph 139.

140.    The first sentence of paragraph 140 consists of legal conclusions, which do not require a response from Defendants.  To the extent a response is required, Defendants deny the allegations of paragraph 140.  The remainder of paragraph 140 consists of undated purported quotations from analysts and characterizations of same.  Defendants state that any analyst report

speaks for itself and respectfully refer the Court to the document for a complete and accurate statement of its contents.  Defendants deny any characterizations of such reports, and any allegations inconsistent with the document.  Defendants deny any remaining allegations of paragraph 140.

141.    Defendants state that any analyst report speaks for itself and respectfully refer the Court to the document for a complete and accurate statement of its contents.  Defendants deny any characterizations of such reports, and any allegations inconsistent with the document. Defendants deny any remaining allegations of paragraph 141.

142.    Defendants admit that the Company filed a Form 10-K on June 27, 2018, for the fiscal year ending April 28, 2018, and that Mr. Caporella and Mr. Bracken signed the Form 10-K.  Defendants further state that the document speaks for itself and respectfully refer the Court to the document for a complete and accurate statement of its contents.  Defendants deny any characterizations of the document, and any allegations inconsistent with the document. Defendants deny any remaining allegations of paragraph of 142.

143.    Defendants admit that the Company filed a Form 10-K on June 27, 2018, and state that the document speaks for itself, and respectfully refer the Court to the document for a complete and accurate statement of its contents.  Defendants deny any characterizations of the document, and any allegations inconsistent with the document.  Defendants deny any remaining allegations of paragraph of 143.

144.    Defendants admit that the Company filed a Form 10-K on June 27, 2018, and state that the document speaks for itself, and respectfully refer the Court to the document for a complete and accurate statement of its contents.  Defendants deny any characterizations of the document, and any allegations inconsistent with the document.  Defendants deny any remaining allegations of paragraph of 144.

145.    Defendants admit that the Company filed a Form 10-K on June 27, 2018, and state that the document speaks for itself, and respectfully refer the Court to the document for a complete and accurate statement of its contents.  Defendants deny any characterizations of the document, and any allegations inconsistent with the document.  Defendants deny any remaining allegations of paragraph of 145.

146.    Defendants admit that the Company filed a Form 10-K on June 27, 2018, and state that the document speaks for itself, and respectfully refer the Court to the document for a

complete and accurate statement of its contents.  Defendants deny any characterizations of the document, and any allegations inconsistent with the document.  Defendants deny any remaining allegations of paragraph of 146.

147.     Defendants admit that the Company filed a Form 10-K on June 27, 2018, and state that the document speaks for itself, and respectfully refer the Court to the document for a complete and accurate statement of its contents.  Defendants deny any characterizations of the document, and any allegations inconsistent with the document.  Defendants deny any remaining allegations of paragraph of 147.

148.     Defendants state that the allegations of paragraph 148 relate to claims which have been dismissed with prejudice and thus no response is required.  To the extent a response is required, Defendants admit that the Company filed a Form 10-K on June 27, 2018, and state that the document speaks for itself, and respectfully refer the Court to the document for a complete and accurate statement of its contents.  Defendants deny any characterizations of the document, and any allegations inconsistent with the document.  Defendants deny any remaining allegations of paragraph of 148.

149.     Defendants admit that the Company issued a press release on June 27, 2018, and state that the document speaks for itself and respectfully refer the Court to the document for a complete and accurate statement of its contents.  Defendants deny any characterizations of the document, and any allegations inconsistent with the document.  Defendants deny any remaining allegations of paragraph of 149.

150.     Defendants admit that the Company issued a press release on June 27, 2018, and state that the document speaks for itself and respectfully refer the Court to the document for a complete and accurate statement of its contents.  Defendants deny any characterizations of the document, and any allegations inconsistent with the document.  Defendants deny any remaining allegations of paragraph of 150.

151.     Defendants state that the allegations of paragraph 151 largely relate to claims which have been dismissed with prejudice and thus no response is required.  Defendants also state that the allegations of paragraph 151 state a legal conclusion which does not require a response from Defendants. To the extent a response is required, Defendants deny the allegations in paragraph 151.

152.     Defendants state that the allegations of paragraph 152 relate to claims which have been dismissed with prejudice and thus no response is required.  To the extent a response is required, Defendants state that any newspaper article speaks for itself and respectfully refer the Court to that publicly available document for a complete and accurate statement of its contents. Defendants deny any characterizations of the document, and any allegations inconsistent with the document.  Defendants deny any remaining allegations of paragraph 152.

153.     Defendants admit that the stock price closed on July 6, 2018 at $106.04. Defendants deny the remaining allegations of paragraph 153, and deny that the stock price on this day is relevant to the remaining allegations of the Complaint.

154.     Defendants admit that the Company filed a Form 10-Q on September 6, 2018, for the period ending July 28, 2018, and state that the document speaks for itself and respectfully refer the Court to the document for a complete and accurate statement of its contents. Defendants deny any characterizations of the document, and any allegations inconsistent with the document.  Defendants deny any remaining allegations of paragraph of 154.

155.     Defendants admit that the Company filed a Form 10-Q on September 6, 2018, for the period ending July 28, 2018, and state that the document speaks for itself and respectfully refer the Court to the document for a complete and accurate statement of its contents. Defendants deny any characterizations of the document, and any allegations inconsistent with the document.  Defendants deny any remaining allegations of paragraph of 155.

156.     Defendants admit that the Form 10-Q filed on September 6, 2018, was signed by Mr. Caporella and Mr. Bracken, and state that the document speaks for itself and respectfully refer the Court to the document for a complete and accurate statement of its contents. Defendants deny any characterizations of the document, and any allegations inconsistent with the document.  Defendants deny any remaining allegations of paragraph of 156.

157.     Defendants admit that the Company issued a press release on September 6, 2018, and state that the document speaks for itself and respectfully refer the Court to the document for a complete and accurate statement of its contents.  Defendants deny any characterizations of the document, and any allegations inconsistent with the document.  Defendants deny any remaining allegations of paragraph of 157.

158.     Defendants state that the allegations of paragraph 158 largely relate to claims which have been dismissed with prejudice and thus no response is required.  Defendants also

state that the allegations of paragraph 158 state a legal conclusion which does not require a response from Defendants. To the extent a response is required, Defendants deny the allegations in paragraph 158.

159.    Defendants state that the allegations of paragraph 159 relate to claims which have been dismissed with prejudice and thus no response is required.  To the extent a response is required, Defendants deny the allegations of paragraph 159.

160.    Defendants state that the allegations of paragraph 160 relate to claims which have been dismissed with prejudice and thus no response is required.  To the extent a response is required, Defendants deny the allegations of paragraph 160.

161.    Defendants state that the allegations of paragraph 161 relate to claims which have been dismissed with prejudice and thus no response is required.  To the extent a response is required, Defendants admit that the Company issued a press release on October 1, 2018, and state that the document speaks for itself and respectfully refer the Court to the document for a complete and accurate statement of its contents.  Defendants deny any characterizations of the document, and any allegations inconsistent with the document.  To the extent a response is required, Defendants deny the allegations of paragraph 161.

162.    Defendants state that the allegations of paragraph 162 relate to claims which have been dismissed with prejudice and thus no response is required.  Defendants admit that the Company issued a press release on October 5, 2018, and state that the document speaks for itself and respectfully refer the Court to the document for a complete and accurate statement of its contents.  Defendants deny any characterizations of the document, and any allegations inconsistent with the document.  To the extent a response is required, Defendants deny the allegations of paragraph 162.

163.    Defendants state that the allegations of paragraph 163 relate to claims which have been dismissed with prejudice and thus no response is required.  To the extent a response is required, Defendants deny the allegations of paragraph 163.

164.    Defendants state that the allegations of paragraph 164 relate to claims which have been dismissed with prejudice and thus no response is required.  To the extent a response is required, Defendants admit that SIG Susquehanna Financial Group, LLLP issued an analyst report dated October 8, 2018, state that the document speaks for itself, and respectfully refer the Court to the document for a complete and accurate statement of its contents.  Defendants deny

any characterizations of the document, and any allegations inconsistent with the document. Defendants deny any remaining allegations of paragraph of 164.

165.    Defendants state that the allegations of paragraph 165 relate to claims which have been dismissed with prejudice and thus no response is required.  To the extent a response is required, Defendants admit that the Company issued a press release on October 12, 2018, state that the document speaks for itself and respectfully refer the Court to the document for a complete and accurate statement of its contents.  Defendants deny any characterizations of the document, and any allegations inconsistent with the document.  Defendants deny any remaining allegations of paragraph of 165.

166.    Defendants state that the allegations of paragraph 166 relate to claims which have been dismissed with prejudice and thus no response is required.  To the extent a response is required, Defendants admit that the Company issued a press release on October 18, 2018, state that the document speaks for itself and respectfully refer the Court to the document for a complete and accurate statement of its contents.  Defendants deny any characterizations of the document, and any allegations inconsistent with the document.  Defendants deny any remaining allegations of paragraph of 166.

167.    Defendants state that the allegations of paragraph 167 relate to claims which have been dismissed with prejudice and thus no response is required.  Defendants further state that paragraph 167 consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations of paragraph 167.

168.    Defendants state that the allegations of paragraph 168 relate to claims which have been dismissed with prejudice and thus no response is required.  Defendants further state that paragraph 168 consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations of paragraph 168.

169.    Defendants state that the allegations of paragraph 169 relate to claims which have been dismissed with prejudice and thus no response is required.  Defendants further state that paragraph 169 consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants state Defendants state that any publicly available newspaper article speaks for itself and respectfully refer the Court to the document for a complete and accurate statement of its contents.  Defendants deny any characterizations of the document, and

any allegations inconsistent with the document.  Defendants deny any remaining allegations of paragraph 169.

170.    Defendants admit that the stock price closed at $100.60 on October 29, 2018, and October 30, 2018 at $95.89, but deny that the stock price on these days is relevant to the remaining allegations of the Complaint.  Defendants deny any remaining allegations of paragraph 170.

171.    Defendants state that the allegations of paragraph 171 relate to claims which have been dismissed with prejudice and thus no response is required.  Defendants further state that paragraph 171 consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations of paragraph 171.

172.    Defendants deny the allegations of paragraph 172, and deny that Plaintiff or other putative class members have suffered any damage.

**PLAINTIFF'S CLASS ACTION ALLEGATIONS**

173.    Defendants admit that Plaintiff purports to bring this case as a class action, but deny that class treatment is warranted.

174.    Paragraph 174 consists of legal conclusions, which require no response. To the extent a response is required, Defendants deny the allegations of paragraph 174.

175.    Paragraph 175 consists of legal conclusions, which require no response. To the extent a response is required, Defendants deny the allegations of paragraph 175.

176.    Paragraph 176 consists of legal conclusions, which require no response. To the extent a response is required, Defendants deny the allegations of paragraph 176.

177.    Paragraph 177 consists of legal conclusions, which require no response. To the extent a response is required, Defendants deny the allegations of paragraph 177.

178.    Paragraph 178 consists of legal conclusions, which require no response. To the extent a response is required, Defendants deny the allegations of paragraph 178.

179.    Defendants admit that the Company's shares trade on NASDAQ, and deny all remaining allegations of paragraph 179.

180.    Paragraph 180 consists of legal conclusions, which require no response. To the extent a response is required, Defendants deny the allegations of paragraph 180.

181.    Defendants deny the allegations of paragraph 181.

### COUNT I

182.    Defendants incorporate by reference and restate their responses above to the allegations of the Complaint.

183.    Defendants deny the allegations of paragraph 183.

184.    Defendants deny the allegations of paragraph 184.

185.    Defendants deny the allegations of paragraph 185.

186.    Defendants deny the allegations of paragraph 186.

187.    Defendants deny the allegations of paragraph 187.

188.    Defendants deny the allegations of paragraph 188.

189.    Defendants deny the allegations of paragraph 189.

190.    Defendants deny the allegations of paragraph 190.

191.    Defendants deny the allegations of paragraph 191.

### COUNT II

192.    Defendants incorporate by reference and restate their responses above to the allegations of the Complaint.

193.    Defendants deny the allegations of paragraph 193.

194.    Defendants deny the allegations of paragraph 194.

195.    Defendants deny the allegations of paragraph 195.

196.    Defendants deny the allegations of paragraph 196.

197.    Defendants deny the allegations of paragraph 197.

### PRAYER FOR RELIEF

Defendants deny that the Plaintiff or the proposed class or any member thereof is entitled to any of the relief requested in the Complaint.  Defendants deny any remaining allegations in the Complaint not expressly admitted herein.

### GENERAL DENIAL

Except as otherwise expressly state in paragraphs 1-197 above, Defendants deny each and every allegation of the Complaint, including without limitation headings and subheadings, and specifically deny liability to Plaintiff and the putative class, or that Plaintiff or the putative class have suffered any legally cognizable damages for which Defendants are responsible.

AND NOW, having fully answered Plaintiff's Complaint, Defendants state the following affirmative defenses, without assuming the burden of proof as to any such defenses that would

otherwise rest with Plaintiff and/or putative class members.  The following affirmative defenses are asserted against both Plaintiff and (should the Court certify a class) the members of the putative class.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff lacks standing.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because they are not maintainable as a class action.  Among other things, Plaintiff has failed to meet the commonality and typicality requirements of Federal Rule of Civil Procedure 23(a), in that the claims of certain putative class members will be subject to unique defenses, and Plaintiff will be unable to meet the predominance or superiority requirements of Federal Rule of Civil Procedure 23(b)(3), which requires (among other things) a showing that the market for the Company's stock was efficient during the relevant period and that the alleged misstatements impacted the price for the Company's securities.

### FOURTH AFFIRMATIVE DEFENSE

The information Plaintiff claims the Defendants failed to disclose was publicly available information contained in the SEC filings, or other public disclosures, or otherwise publicly known.  If not otherwise available, Defendants had no duty to disclose this information.

### FIFTH AFFIRMATIVE DEFENSE

Defendants did not make a misstatement or omit to state a material fact.

### SIXTH AFFIRMATIVE DEFENSE

The information the Defendants allegedly failed to disclose was not material.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims fail to meet the requirements of Federal Rule of Civil Procedure 9(b) and the Private Securities Litigation Reform Act of 1995.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because all or part of Plaintiff's alleged damages were caused by external factors and not by any alleged misrepresentation or omission for which the Defendants are alleged to be liable.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff did not suffer a loss.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff cannot establish loss causation as information Plaintiff pled was a corrective disclosure was not public on the date pled.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff failed to act reasonably to mitigate their alleged damages, if any.

### TWELFTH AFFIRMATIVE DEFENSE

Defendants exercised reasonable care and acted in good faith, including good faith conformity with applicable SEC rules, regulations, and orders, and the rules, regulations, and orders of the various state and federal banking regulators, and did not directly or indirectly induce the act or acts constituting the alleged violations or causes of action.  Defendants therefore are not subject to liability under the federal securities laws.  Securities Exchange Act § 23(a)(1), 15 U.S.C. § 78w(a)(1).

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff is limited to only those damages authorized by the Securities Exchange Act of 1934 and the Private Securities Litigation Reform Act of 1995.  Plaintiff therefore may not recover damages in excess of those authorized by these statutes or the regulations promulgated pursuant to these statutes.  Plaintiff would not be entitled under any circumstances to an award of attorney's fees, costs, or interest incurred prior to the commencement of this action.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because some or all of the challenged statements bespoke caution and/or were otherwise protected by the bespeaks caution doctrine and/or were forward-looking statements accompanied by meaningful cautionary statements identifying important factors that could cause actual results to differ materially from those in the forward-looking statement.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in whole or in part because all risks were disclosed.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in whole or in part because some or all of the challenged statements are vague, generalized, or otherwise non-actionable corporate puffery on which a reasonable investor would not rely.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part because class members, including Plaintiff, did not rely on the market price of National Beverage Corp.'s securities in making his decision to purchase National Beverage Corp. stock. For this and other reasons, no "fraud on the market" presumption is appropriate in this case.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Defendants are not liable under Section 10(b) of the Securities Exchange Act of 1934, Rule 10b-5 promulgated thereunder, or otherwise for any statements not made by Defendants.

**NINETEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in whole or in part because at the time Plaintiff acquired the securities in question, Plaintiff knew of or did not rely upon the alleged untruths, omissions, or manipulative conduct that allegedly form the basis of the action. Alternatively, Plaintiff learned of the alleged untruths, omissions, or manipulative conduct that form the basis of this action acquiring the securities in questions, but nonetheless continued to hold such securities.

**TWENTIETH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in whole or in part because the individual defendants in this action are not primarily liable, and Plaintiff has not alleged and cannot establish that the Company is liable absent such primary individual liability.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

Any recovery for damages allegedly incurred by Plaintiff, if any, is limited to the percentage of responsibility of Defendants in proportion to the total fault of all persons who caused or contributed to Plaintiff's alleged damages pursuant to the proportionate liability provisions of the Private Securities Litigation Reform Act of 1995, as codified at 15 U.S.C. § 78u–4(f)(3)(A).

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Because discovery has not yet occurred in this action, Defendants further reserve the right to assert other and further defenses as may later become known to counsel.

WHEREFORE, having fully answered the Complaint in this action, Defendants respectfully request: (i) that the Complaint be dismissed in its entirety; (ii) that the Court enter a judgment in favor of Defendants and against Plaintiff; (iii) an award to Defendants of their costs, including discretionary costs and attorney's fees; and (iv) such other relief as the Court deems just and proper.

Dated: June 23, 2020                    Respectfully submitted,

                                        */s/ Jeffrey T. Kucera*
                                        Jeffrey T. Kucera, Esq. (Fl. Bar. No. 68233)
                                        **K&L Gates LLP**
                                        Southeast Financial Center
                                        200 South Biscayne Boulevard, Suite 3900
                                        Miami, FL 33131
                                        Phone: (305) 539-3300
                                        Fax: (305) 358-7095
                                        Email: jeffrey.kucera@klgates.com

                                        Amy J. Eldridge (*pro hac vice*)
                                        **K&L Gates LLP**
                                        1601 K Street, NW
                                        Washington, DC 20006-1600
                                        Phone: (202) 778-9000
                                        Fax: (202) 778-9100
                                        E-mail:  amy.eldridge@klgates.com

                                        *Counsel for Defendants*

32

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing and the following was electronically filed through the Electronic Case Filing System (CM/ECF) and served by Notice of Electronic Filing generated by CM/ECF, on June 23, 2020, on all counsel or parties of record on the Service List below.

| | |
|---|---|
| Frank S. Hedin<br>David W. Hall<br>**HEDIN HALL LLP**<br>1395 Brickell Ave, Suite 900<br>Miami, FL 33131<br>Phone: (305) 357-2107<br>Fax:    (305) 200-8801<br>Email: fhedin@hedinhall.com<br>            dhall@hedinhall.com | Jeremy A. Lieberman<br>J. Alexander Hood II<br>**POMERANTZ LLP**<br>600 Third Avenue, 20th Floor<br>New York, NY 10016<br>Phone: (212) 661-1100<br>Fax:    (212) 661-8665<br>Email: jalieberman@pomlaw.com<br>            ahood@pomlaw.com |
| Corey D. Holzer<br>**HOLZER & HOLZER, LLP**<br>1200 Ashwood Parkway, Suite 410<br>Atlanta, GA 30338<br>Phone: (770) 392-0090<br>Fax:    (770) 392-0029<br>Email: cholzer@holzerlaw.com | Patrick V. Dahlstrom<br>Leigh Handleman Smollar<br>Louis Ludwig<br>**POMERANTZ LLP**<br>10 South La Salle Street, Suite 3505<br>Chicago, IL 60603<br>Tel: (312) 377-1181<br>Fax: (312) 377-1184<br>Email: pdahlstrom@pomlaw.com<br>            lsmollar@pomlaw.com<br>            ludwig@pomlaw.com |

/s/ Jeffrey T. Kucera
Jeffrey T. Kucera, Esq. (Fl. Bar. No. 68233)
**K&L Gates LLP**
Southeast Financial Center
200 South Biscayne Boulevard, Suite 3900
Miami, FL 33131
Phone: (305) 539-3300
Fax: (305) 358-7095
Email: jeffrey.kucera@klgates.com

*Counsel for Defendants*